# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00115-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) ) DAVID WILLIAM SMITH, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 13].

## I. PROCEDURAL BACKGROUND

On September 18, 2018, the Defendant was charged in a Bill of Indictment with two counts of possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. The Defendant made his initial appearance on September 28, 2018, at which time counsel was appointed. The Defendant's arraignment was held on October 3, 2018, at which time a Scheduling Order was entered and this matter was placed on the November 7, 2018 calendar for trial. On October 16, 2018, appointed counsel filed a motion to withdraw, which the Court granted.

[Docs. 9, 10]. On October 29, 2018, attorney Howard W. Anderson, III was appointed to serve as counsel for the Defendant. On October 30, 2018, Mr. Anderson filed a motion to continue the trial date and to extend the motions deadline for a period of thirty (30) days. [Doc. 11]. The Court granted the Defendant's motion on the same day. [Doc. 12].

On November 12, 2018, the Defendant filed the present motion to dismiss the Indictment. [Doc. 13]. After receiving an extension of time to do so [Text-Only Order entered Nov. 14, 2018], the Government filed a response in opposition on November 26, 2018. [Doc. 15]. This matter is now ripe for disposition.

## II. ANALYSIS

The Defendant seeks dismissal of the Bill of Indictment in this case on the grounds that the President of the United States violated the Appointments Clause in naming Matthew G. Whitaker as the Acting Attorney General upon the resignation of Attorney General Jefferson B. Sessions. [Doc. 13]. The Defendant contends that this was an unconstitutional appointment, and therefore the Indictment against him "must be dismissed without prejudice until the [Department of Justice] is headed by an individual constitutionally eligible to lead the office." [Id. at 1]. For the reasons that follow, the Defendant's argument is without merit.

The Appointments Clause of the United States Constitution gives the President of the United States the power to "nominate, and by and with the Advice and Consent of the Senate, . . . appoint . . . Officers of the United States…." U.S. Const. Art. II, § 2, cl. 2. The Clause further provides that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone…." Id. The Supreme Court has recognized that the Appointments Clause "is among the significant structural safeguards of the constitutional scheme. By vesting the President with the exclusive power to select the principal (noninferior) officers of the United States, the Appointments Clause prevents congressional encroachment upon the Executive and Judicial Branches." Edmond v. United States, 520 U.S. 651, 659 (1997). The Attorney General of the United States is a principal officer within the meaning of the Appointments Clause. See 28 U.S.C. § 501 (creating DOJ); id. § 503 (designating Attorney General as "head" of DOJ and requiring advice and consent of Senate for appointment); id. §509 ("All functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice are vested in the Attorney General….").

When a vacancy arises in an office which requires Presidential appointment and Senate confirmation ("a PAS office"), that office's

3

responsibilities may go unperformed if the President and Senate cannot agree on a replacement promptly. "Congress has long accounted for this reality by authorizing the President to direct certain officials to temporarily carry out the duties of a vacant PAS office in an acting capacity, without Senate confirmation." NLRB v. SW Gen., Inc., 137 S. Ct. 929, 934 (2017). The Federal Vacancies Reform Act of 1998, 5 U.S.C. § 3345 et seq., ("FVRA") is "the latest version of that authorization." Id. The FVRA provides, in pertinent part, as follows:

> If an officer of an Executive agency (including the Executive Office of the President, and other than the Government Accountability Office) whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office —
>
> (1) the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity subject to the time limitations of section 3346;
>
> (2) notwithstanding paragraph (1), the President (and only the President) may direct a person who serves in an office for which appointment is required to be made by the President, by and with the advice and consent of the Senate, to perform the functions and duties of the vacant office temporarily in an acting capacity subject to the time limitations of section 3346; or
>
> (3) notwithstanding paragraph (1), the President (and only the President) may direct an officer or employee

of such Executive agency to perform the functions and duties of the vacant office temporarily in an acting capacity, subject to the time limitations of section 3346, if –

(A) during the 365-day period preceding the date of death, resignation, or beginning of inability to serve of the applicable officer, the officer or employee served in a position in such agency for not less than 90 days; and

(B) the rate of pay for the position described under subparagraph (A) is equal to or greater than the minimum rate of pay payable for a position at GS-15 of the General Schedule.

5 U.S.C. § 3345(a). Section 3346 provides that, in the case of a vacancy, the person directed to serve as an acting officer may serve for no longer than 210 days from the date that such vacancy occurs. 5 U.S.C. § 3346(a)(1).

The designation of Whitaker as Acting Attorney General clearly comes within the provisions of the FVRA.[1] At the time that Attorney General Sessions resigned, Whitaker was serving as Chief of Staff and Senior

---

[1] Whitaker does not fall within the first two categories of persons made eligible to serve as an acting principal officer by § 3345(a). First, he was not the first assistant to the Attorney General within the meaning of § 3345(a)(1). See 28 U.S.C. § 508(a) (identifying Deputy Attorney General as the "first assistant to the Attorney General"). Further, he did not already hold a Senate-confirmed office. Though Whitaker was previously appointed as the United States Attorney for the Southern District of Iowa with the advice and consent of the Senate, he resigned from that position in November 2009. Thus, he did not fall within the category of persons identified in § 3345(a)(2). See Designating an Acting Attorney General, __ Op. O.L.C. __, Slip Op. at *4 (Nov. 14, 2018), available at https://www.justice.gov/olc/file/1112251/download (last visited Dec. 3, 2018) (hereinafter "OLC Opinion").

Counselor, a position to which he was appointed by the Attorney General and in which he had served more than 90 days at a level of at least GS-15. See OLC Op. at *5. As such, Whitaker comes within the category of officials who may be temporarily appointed pursuant to § 3345(a)(3). Accordingly, the designation of Whitaker to act temporarily as Acting Attorney General was in accordance with the FVRA.

While acknowledging that Whitaker was designated in accordance with § 3345(a)(3), the Defendant nevertheless argues that his designation was improper because the FVRA "cannot modify the Appointments Clause." [Doc. 13-1 at 3]. However, the Supreme Court has implicitly approved Congress' long-standing practice, dating back to President Washington's first term, of giving the President through acts such as the FVRA "*limited* authority to appoint acting officials to *temporarily* perform the functions of a vacant PAS office without first obtaining Senate approval." SW Gen., 137 S. Ct. at 935 (emphasis added). In United States v. Eaton, for example, the Supreme Court upheld Department of State regulations that allowed executive officials to appoint a "vice-consul" during the temporary absence of a consul, where the vice-counsel performed the duties of the principal officer only "for a limited time[ ] and under special and temporary conditions."

169 U.S. 331, 343 (1898).[2] Later, in <u>Morrison v. Olson</u>, the Supreme Court held that an Independent Counsel was an "inferior officer" within the meaning of the Appointments Clause in light of the limited duties and tenure of that position. 487 U.S. 654, 671-72 (1988). In light of these decisions, the Court concludes that the designation of Whitaker as Acting Attorney General under the FVRA constituted the "special and temporary" appointment of an inferior officer to perform the duties of a principal officer and thus did not violate the Appointments Clause. <u>See</u> <u>United States v. Valencia</u>, No. 5:17-CR-822-DAE(1)(2), 2018 WL 6182755, at *7 (W.D. Tex. Nov. 27, 2018) (concluding that appointment of Whitaker as Acting Attorney General fell within "special and temporary" exception to principal officer definition and thus was not unconstitutional), <u>appeal filed,</u> Dec. 3, 2018.

Even if there were some sort of defect in Whitaker's appointment, however, there are several reasons why such defect would not affect the validity of the current proceeding. First, 28 U.S.C. § 508 explicitly provides that in the case of a vacancy in the office of the Attorney General, or of absence or disability, the Deputy Attorney General shall act as Attorney

---

[2] The Defendant's attempt to distinguish <u>Eaton</u> because it pertains only to "emergency" situations is unpersuasive. Designating an acting Attorney General in order to keep the Department of Justice functioning is at least as much of an emergency as maintaining a diplomatic post in Bangkok.

General. 28 U.S.C. § 508(a). Thus, even if Whitaker had not been properly designated as Acting Attorney General, there would still be, by statute, a PAS officer available to perform the duties of the office.

Second, even in the absence of an Attorney General (confirmed, appointed or otherwise), the Department of Justice continues to operate as an arm of the Federal Government through its United States Attorneys. Here, the Defendant is being prosecuted by the United States Attorney for the Western District of North Carolina, who is a validly appointed officer with the statutory authority to prosecute "all offenses against the United States." 28 U.S.C § 547(1). Further, the Defendant's charges were brought pursuant to a valid indictment[3] issued by a grand jury, "a constitutional fixture in its own right." United States v. Williams, 504 U.S. 36, 47 (1992). The United States Attorney's authority to prosecute this valid indictment is in no way affected by the designation of an Acting Attorney General. See Valencia, 2018 WL 6182755, at *7 ("Since the Defendants have been charged pursuant to a valid indictment returned by a grand jury, . . . and are being prosecuted by the United States Attorney for the Western District of Texas

---

[3] The Court notes that the Defendant was indicted in September 2018, well before the designation of Whitaker as Acting Attorney General.

'within his district' under 28 U.S.C. § 547, the U.S. Attorney's Office has the authority to continue these prosecutions.").

Finally, the Defendant does not offer any explanation as to how the temporary designation of an Acting Attorney General during the pendency of this action requires his Indictment to be dismissed.  The Defendant certainly has not presented any legal authority to the Court to support this argument.  Moreover, at least one court has concluded that dismissal of the indictment is not an appropriate remedy under these circumstances.  See United States v. Peters, No. 6:17-CR-55-REW-HAI-2, 2018 WL 6313534, at *5 (E.D. Ky. Dec. 3, 2018) (citing Ryder v. United States, 115 S. Ct. 2013, 2035 (1995)).  If the Defendant were correct in this notion that dismissal is the appropriate remedy, then any time that an Attorney General vacated the office, became disabled or other became unavailable to perform his or her duties, *all* pending criminal cases nationwide would be subject to dismissal.  The Defendant offers no legal justification for such an absurd result.

The Defendant offers only a vague argument that the temporary designation of an Acting Attorney General prejudices him.  The Defendant, however, is unable to point to *any* prejudice – real or imagined – that is created by Whitaker's designation as Acting Attorney General.  At the hearing of this matter, defense counsel argued that he would have to

subpoena Acting Attorney General Whitaker and Deputy Attorney General Rod Rosenstein to testify at the hearing in order to explore whether there are any differences between their prosecutorial policies that would affect the case against the Defendant. In so arguing, counsel conceded that he has no basis to believe that any such differences exist. Counsel is admonished that he must have a reasonable basis to believe that his motion has evidentiary support before filing it. Counsel's contention that the Acting Attorney General and Deputy Attorney General should be subpoenaed to this Court (or to any other federal court in which federal criminal prosecutions are pending) to determine whether Whitaker's appointment is prejudicial to defendants is simply a frivolous argument.

In short, the Defendant's argument that he is entitled to the dismissal of this Indictment due to the designation of an acting Attorney General requires a "fanciful[ ] leap" of logic which the Court declines to take. Peters, 2018 WL 6313534, at *1. The Defendant's Motion to Dismiss is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 13] is **DENIED**.

**IT IS SO ORDERED.** Signed: December 28, 2018

Martin Reidinger
United States District Judge